## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT P. ANDERSON,

    Plaintiff,

-v-                                            CIV No. 99-0447  JC/WWD

DAN GLICKMAN, Secretary of Agriculture;
MICHAEL DOMBECK, Chief of the United
States Forest Service; DENNIS L. CARRUTH,
Site Manager of the Gila Cliff Dwellings
National Monument; and JAMES ROGERS,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion To Set Aside Settlement, filed April 17, 2000 *(Doc. 26)*. The Court has reviewed the motion and the relevant authorities. The Court finds that Plaintiff's motion is not well taken and will be denied.

## BACKGROUND

This case was initially brought by Plaintiff Robert P. Anderson against the individual defendants for violation of his constitutional rights arising out of an incident at the Gila Cliff Dwellings National Monument. Plaintiff Anderson strongly objects to the imposition of a three dollar fee for entrance into the monument. On April 19, 1998, Plaintiff Anderson was distributing flyers and seeking signatures for a petition to eliminate the fee. Defendant James Rogers, a volunteer at the park, approached Plaintiff and a heated discussion involving some physical contact ensued.

At a settlement conference held by Magistrate Judge Robert J. DeGiacamo, the parties agreed

that the United States would be substituted for the individual defendants.  As no administrative proceeding had been initiated prior to the lawsuit, the parties further agreed that the case would be dismissed for lack of a Form 95, or claim letter. Plaintiff Anderson was directed to then file such form with the Forest Service/Department of Agriculture with the understanding that the claim would be resolved for the settlement amount.

Pursuant to the settlement agreement, the United States was substituted as defendant in the case. The case was then dismissed for failure to file an administrative claim. At this point, the plan broke down. According to Plaintiff's attorney, Jeffrey Dahl, in early January of 1999, Plaintiff expressed that he was unhappy that the case had not yet been resolved and that he had yet to receive the promised letters of apology from the Defendants.  Nevertheless, at Mr. Dahl's urging, Plaintiff agreed to proceed with the Form 95 and the appropriate papers were forwarded by Mr. Dahl to Plaintiff to sign. For whatever reason, Plaintiff Anderson did not sign Form 95 or file a claim with the United States Forest Service within the statute of limitations.  Because his claim in this court has already been dismissed, Plaintiff now seeks to rescind the settlement agreement and set aside dismissal of his original case.

## ANALYSIS[1]

Rule 60(b)(1) empowers federal courts to relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). While the Tenth Circuit has consistently stated that the Rule 60(b) "should be liberally construed when substantial justice will thus be served," the decision to grant relief under Rule 60(b) lies within the sound discretion of the Court. *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983)(quotations omitted).

Plaintiff argues that he has received no letters of apology and no money as directed by the terms of the settlement. However, hindsight does not constitute mistake, surprise, inadvertence or inexcusable neglect. Plaintiff sets forth no explanation for his present position that the settlement terms are disagreeable, other than that Defendants have failed to comply. While Plaintiff alleges that his attorney was unresponsive to his inquiries, the allegation recites vague examples of responses he received. While it is clear that the attorney-client relationship disintegrated with Plaintiff's continuing impatience with the settlement, Plaintiff has set forth no facts to establish that his counsel was anything less than competent. As there is no evidence that the settlement was entered into by mistake, through surprise, inadvertence or excusable neglect, the case was dismissed pursuant to the natural progression of the case and its resolution. Therefore, relief under Rule 60(b)(1) is not appropriate

---

[1] While the present motion was filed *pro se*, attorney Jeffrey Dahl's Contested Motion to Withdraw, filed March 27, 2000 (Doc. 25) was never ruled upon, as it was filed after the case was dismissed. Nevertheless, the Court notes that even after Plaintiff decided to proceed *pro se,* Plaintiff's attorney prepared a motion to rescind the settlement agreement and set aside the dismissal. However, Plaintiff chose to file his own motion in which the Rules of Civil Procedure and Rule 60 are not cited. In any case, pleadings filed *pro se* are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21(1972). Therefore, the Court will analyze Plaintiff's motion under the applicable rule, Federal Rule of Civil Procedure 60(b).

in this case.

According to the catch-all provision of Rule 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for...(6) any...reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case. *See Cashner v. Freedom Stores, Inc.*, 98 F. 3d 572, 579 (10th Cir. 1996). District courts have substantial discretion when it comes to 60(b) motions. *See id.* at 580. However, relief under Rule 60(b)(6) is to be used sparingly and only in extraordinary circumstances when necessary to accomplish justice. *See id.* at 576.

In this case, a valid settlement agreement was reached by the parties. As part of the settlement agreement, Plaintiff was directed to file a Form 95 with the United States Forest Service. He failed to do so, despite the urging of his attorney. But for the Plaintiff's refusal to sign the Form 95, the settlement would have been effectuated as agreed to by parties. "[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." *Cashner v. Freedom Stores, Inc.*, 98 F. 3d 572, 579-80 (10th Cir. 1996). By failing to uphold his side of the agreement, Plaintiff failed to satisfy his duty to protect his own legal interests, and the considerable equitable power of the court under Rule 60(b) should not be used to alleviate the consequences of his lack of foresight. Therefore, relief from judgment under Rule 60(b)(6) is also not appropriate in this case.

## CONCLUSION

Plaintiff has failed to demonstrate that relief under Rule 60(b) is warranted by Defendants' failure to comply with the terms of the settlement agreement. Given that Plaintiff also failed to comply with the terms of the agreement, he necessarily cannot seek to reopen his case to seek an alternate remedy. Thus, Plaintiff's Motion to Set Aside the Settlement will be denied.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion To Set Aside Settlement, filed April 17, 2000 *(Doc. 26)* is denied.

DATED January 9, 2000.

_____
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff

    Jeffrey Dahl, Esq.
    Lamb, Metzgar, Lines & Dahl, P.A.
    Albuquerque, New Mexico

Attorney for Defendants

    Raymond Hamilton, Esq.
    Assistant U.S. Attorney
    Albuquerque, New Mexico